THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

JACQUELINE M. MORROW,

                    Plaintiff,

v.

CITY OF OVERLAND PARK, KANSAS

   **Serve**: City Manager
            Lori Curtis Luther
           8500 Santa Fe Drive
           Overland Park, Kansas 66212

                    Defendant.

Case No.

**JURY TRIAL REQUESTED**

# COMPLAINT

1. Plaintiff Jacqueline M. Morrow states her causes of action against Defendant City of Overland Park, Kansas ("City" or "Defendant") as follows:

2. This is an action for age, race, and sex discrimination and for retaliation for opposing a practice made illegal by the Family and Medical Leave Act and for her participation in a claim of discrimination made by a coworker. Plaintiff's claims arise under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq*, (ADEA), under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et. seq*., under the ADA, 42 U.S.C. § 12101 *et. seq*. and under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.* (FMLA).

3. Plaintiff also brings race claims pursuant to 42 U.S.C. § 1981, which provides for redress when an individual's right to make or enforce a contract is interfered with because of racial discrimination or unlawful retaliation.

4.	At the time of her termination, Plaintiff was 51 years old. She identifies as Asian, but is Caucasian in her appearance. Prior to her constructive discharge, she had worked for the City for a total of 25 years, 10 years as a police officer and 15 years in Human Resources.

5.	Plaintiff was discharged following her participation in an investigation on behalf of a coworker's claim of discrimination and because she opposed a practice made illegal by the FMLA. She was one of several Caucasian women over 40 who were terminated for specious reasons during that time.

6.	Plaintiff seeks all available legal and equitable remedies for claims under the ADA, the ADEA, Title VII, §1981, and the FMLA including, back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

7.	This Court has jurisdiction over this action under 28 U.S.C. § 1331, which provides original jurisdiction in this Court for suits arising under federal law.

8.	This Court has jurisdiction over Plaintiff's claim because Plaintiff filed a timely Charge of Discrimination with the proper administrative agency and received a Right-to-Sue letter mailed June 20, 2024, and received thereafter.

9.	Venue is proper in the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b)(2), because the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

10.	Plaintiff Jacqueline M. Morrow was, at all times relevant to this lawsuit, a resident of Overland Park, Kansas.

11. Defendant City of Overland Park, Kansas is a municipal entity and is an employer within the meaning of the FMLA, Title VII, and the ADEA.

## ADMINISTRATIVE PROCEEDINGS

12. On or about July 5, 2023, Ms. Morrow filed a timely charge of discrimination against City with the EEOC.

13. On or about June 20, 2024, the USDOJ and the EEOC mailed a notice of right to sue, and she received it thereafter.

14. This action has been filed with this Court within 90 days of Ms. Morrow's receipt of the right-to-sue notice of from the EEOC.  Ms. Morrow has fully complied with all administrative prerequisites before filing this action.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

15. Plaintiff was over 40 at the time leading up to the adverse action. She identifies as Asian, but is Caucasian in appearance.

16. At the time of her discharge, Plaintiff worked for the City's Human Resources Department as a specialist in the Family and Medical Leave Act. She had been with the City's Human Resources Department for a total of 15 years, following 10 years of service as a police officer.

17. During her tenure with the City, Plaintiff had no disciplinary history and had always received positive evaluations.

18. Plaintiff's role as an FMLA specialist required her to, among other things, assist fellow City employees with their FMLA needs.

19. In May 2023, Plaintiff's coworker received a cancer diagnosis. Prior to having received the cancer diagnosis, the coworker had previously arranged for leave so that she could undergo a surgery unrelated to the cancer. She received the cancer diagnosis at work, the day

before her scheduled FMLA. The coworker was very upset, and disclosed the cancer diagnosis to Thomas Bledsoe, the City's Human Resources Director and Plaintiff's direct supervisor. The coworker requested to take personal time until her previously scheduled return to work.

20. Mr. Bledsoe placed the coworker on administrative leave upon her return to work, ostensibly for "gossiping and rumor mongering." The coworker complained that the administrative leave was discriminatory.

21. When Plaintiff learned that Mr. Bledsoe had placed Plaintiff's coworker on administrative leave so close in time to her cancer diagnosis, she told Mr. Bledsoe that she was concerned that his decision violated the coworker's civil rights.

22. Mr. Bledsoe reacted angrily to Plaintiff's concerns. He told her that she did not understand the law and then he misstated the law to her.

23. Plaintiff remained concerned that Mr. Bledsoe's decision exposed the City to liability, so she contacted a Deputy City Attorney to express her concerns.

24. Plaintiff also participated in an investigation into her coworker's allegations of discrimination stemming in part from the administrative leave that Plaintiff had reported as improper. In her interview with the investigator, Plaintiff reiterated her concerns that Mr. Bledsoe's decisions amounted to discrimination. Plaintiff also truthfully told the investigator about her conversation with Mr. Bledsoe following his decision to place her coworker on administrative leave.

25. During the interview, Plaintiff also shared her concerns that Mr. Bledsoe would retaliate against her for participation in the interview and for her truthful statements about Mr. Bledsoe.

26. When Plaintiff's coworker returned to work following her administrative leave, Mr. Bledsoe terminated her for the same reasons he cited for her administrative leave.

27. Around the same time, numerous other Caucasian women over 40 were terminated for similarly pretextual reasons.

28. On May 9, 2023, based on Plaintiff's statements in the interview, Mr. Bledsoe placed Plaintiff on administrative leave for "us[ing] her position in Human Resources as an HR specialists to probe [coworker] for information using a dishonest statement about me."

29. In his May 9, 2023 letter, Mr. Bledsoe told Plaintiff that she was entitled to what he called a "pre-termination" meeting during which he would consider information about why her "employment should not be terminated."

30. On or about May 18, 2023, understanding that she had no option to continue in her employment, Plaintiff tendered her resignation rather than have a termination on her otherwise unblemished record.

## COUNT I
## RETALIATION

31. Plaintiff's comments in her interview regarding her coworker's allegations of discrimination and her comments regarding civil rights violation created by Mr. Bledsoe's decisions regarding her coworker were protected actions.

32. After and because of Plaintiff's protected actions, the City fabricated an obviously pretextual reason to propose termination of Plaintiff's long and successful career with the City and ultimately constructively discharged her.

33. Defendant terminated Plaintiff.

34. Defendant unlawfully retaliated against Plaintiff for her protected activity. Defendant knowingly used false, pretextual reasons to mask its unlawful retaliation. Defendant's

conduct violated Plaintiff's rights under the ADA and the FMLA and was undertaken willfully and maliciously so as to support an award of punitive damages under the ADA and liquidated damages under the FMLA.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor on Count I, finding that she has been subjected to unlawful retaliation in violation of the ADA and the FMLA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory damages, for her costs expended; for her reasonable attorneys' and expert's fees; and for such other relief as this Court deems just and proper.

## COUNT II
## AGE DISCRIMINATION

35. At the time of her termination, Plaintiff was over 40 years old.

36. Plaintiff was employed by Defendant until her termination in May 2023.

37. Plaintiff successfully performed her job and the basis for her termination was pretextual for illegal motivation.

38. Other similarly situated employees were terminated for similarly pretextual reasons.

39. On information and belief, Plaintiff's position was not filled but her duties were not eliminated.

40. As shown by the foregoing, Plaintiff suffered intentional discrimination to and including termination at the hands of Defendant and its agents during the course of her employment based on her age, in violation of the ADEA.

41. As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

42. As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

43. Defendant's conduct was willful, thereby entitling Plaintiff to an equal amount as liquidated damages and other appropriate equitable relief.

44. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor on Count II, finding that she has been subjected to unlawful discrimination prohibited by the ADEA, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and liquidated damages under the ADEA, for her costs expended; for her reasonable attorneys' and expert's fees; and for such other relief as this Court deems just and proper.

## COUNT III
## DISCRIMINATION ON THE BASIS OF RACE

45. Plaintiff is Asian American but appears Caucasian.

46. As shown above, Defendant consistently targeted Caucasian women over 40 years of age for termination.

47. As shown above, Defendant, through its actions, demonstrated regular and persistent animosity towards Plaintiff on the basis of her race.

48. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant and Defendant's agents during the course of her employment with

Defendant, based on her race in violation of Section 703(a) if Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e-2(a) , and in violation of 42 U.S.C. §1981.

49. As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

50. As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

51. As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employers from like conduct in the future.

52. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 200e-5(k) and in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor on Count V, finding that she has been subjected to unlawful discrimination; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages under Title VII and Section 1981 in a reasonable amount to be determined by the jury; for her costs expended; for her reasonable attorneys' and expert's fees; and for such other relief as this Court deems just and proper.

## COUNT IV
## DISCRIMINATION ON THE BASIS OF SEX

53. Defendant is an employer for purposes of Title VII of the Civil Rights Act.

54. Plaintiff was an employee of the Defendant for purposes of Title VII of the Civil Rights Act.

55. Plaintiff is female.

56. Plaintiff was subjected to adverse action on the basis of her sex, as more fully set forth above.

57. The adverse employment actions alleged above directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

58. The person or persons described above as employees of Defendant were agents of the Defendant who were acting in the course and scope of their agency with Defendant or who acted with express authority from Defendant.

59. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.  Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of lost pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest;  for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for punitive

damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff Jacqueline M. Morrow hereby requests a trial by jury on all claims in her Complaint that may properly be submitted to a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial of this matter.

Respectfully submitted,

DUGAN SCHLOZMAN LLC


 /s/ *Mark V. Dugan*
Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897
heathis@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone:  (913) 322-3528
Facsimile:   (913) 904-0213

**Counsel for Plaintiff**